UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN DOWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-5743-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**<br><br>**Dkt. No. 34** |

## I.　INTRODUCTION

On March 23, 2013, Plaintiff Eileen Dowell ("Plaintiff") filed her First Amended Complaint against Contra Costa County, Contra Costa District Attorney Mark Peterson ("Peterson"), and Contra Costa District Attorney's Chief Inspector Paul Mulligan ("Mulligan"), collectively "Defendants." The First Amended Complaint contains five causes of action, including a claim under 42 U.S.C. § 1983 against Peterson and Mulligan for the alleged deprivation of Plaintiff's First Amendment rights, two separate claims under California Labor Code § 1102.5 (b) and (c) against all Defendants, as well as two state law tort claims for negligence and negligent infliction of emotional distress. Defendants filed the instant Motion to Dismiss ("Motion"), wherein they contend Plaintiff failed to comply with the Court's previous order describing the inadequacies in Plaintiff's original complaint, and therefore, the First Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

The parties have consented to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). The Court finds this Motion suitable for determination without oral argument pursuant to Local Rule 7-1(b), and vacates the hearing scheduled for May 24, 2013, at 1:30 p.m. For the reasons explained below, Defendants' Motion is GRANTED in part and DENIED in part.

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).

Generally, the plaintiff's burden at the pleading stage is relatively light. Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The factual allegations must be definite enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

## III. DISCUSSION[1]

There are five causes of action in Plaintiff's First Amended Complaint, two of which the Court addresses briefly. Having recognized that Plaintiff did not previously oppose dismissal of her claims for negligence and negligent infliction of emotional distress when Defendants filed their first motion to dismiss Plaintiff's original complaint, the Court dismissed these claims with prejudice in the previous Order. *See* Dkt. No. 25. Plaintiff includes these claims as the fourth and fifth causes of action in her First Amendment Complaint, but nevertheless acknowledges that the

---

[1] The Court described the relevant background facts in its previous Order Granting Defendants' Motion to Dismiss and Dismissing Complaint with Leave to Amend (hereafter, "Order"), and hereby incorporates that Order. *See* Dkt. No. 25.

claims were included in error. *See* Opp. at 4, 8. Accordingly, Plaintiff's fourth and fifth claims against all Defendants for negligence and negligent infliction of emotional distress are again dismissed with prejudice.

The remaining three causes of action arise under 42 U.S.C. § 1983 for Defendants' alleged violation of Plaintiff's First Amendment rights, as well as California Labor Code § 1102.5 (b) and (c). Defendants contend that Plaintiff has failed to state a claim for First Amendment retaliation under § 1983 because Plaintiff failed to sufficiently allege facts showing that her protected speech was made as a private citizen. Defendants also contend that Plaintiff has failed to state a claim under both § 1983 and § 1102.5 because the First Amendment Complaint lacks any facts showing that Defendants were aware of Plaintiff's protected speech. Further, Defendants argue that Plaintiff does not allege other necessary factors showing that Defendants were substantially motivated by the protected speech. The Court will address each argument in turn.

### A. Allegations re Whether Speech was Made as a Private Citizen or Pursuant to Official Duties

In *Garcetti v. Ceballos*, the Supreme Court held that "when public employees make statements *pursuant to their official duties*, the employees are not speaking as citizens for First Amendment purpose, and the Constitution does not insulate their communications from employer discipline." 547 U.S. 410, 421 (2006) (emphasis added). *See also Eng v. Cooley*, 552 F.3d 1062, 1070, 1071 (9th Cir. 2009) ("Statements are made in the speaker's capacity as citizen if the speaker 'had no official duty' to make the questioned statements, or if the speech was not the product of 'performing the tasks the employee was paid to perform.'") (internal quotations omitted). "While the question of the scope and content of a plaintiff's job responsibilities is a question of fact, the ultimate constitutional significance of the facts as found is a question of law." *Eng*, 552 F.3d at 1071 (quoting *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126-27 (9th Cir. 2008)).

In the previous Order, the Court noted that Plaintiff failed to allege whether her instances of protected speech were made as a private citizen or as a part of her official employment duties, and granted Plaintiff leave to amend on this point. *See* Dkt. No. 25 at 11. In her First Amended

1  Complaint, Plaintiff alleges that "all protected activity for which protection is sought by way of
2  the instant Complaint, were taken in Plaintiff's role as a private citizen, and that she was at no
3  time, under an employment duty to report wrongdoing to any agency from which the grant or
4  contract funding which she assisted in spending." First Amended Complaint ("FAC") ¶ 32.
5  Defendants contend this allegation is insufficient because Plaintiff has failed to allege facts
6  demonstrating that her protected speech was made as a private citizen, rather than pursuant to her
7  official duties as the Manager of the Victim Witness program. This argument is without merit.

8      The Court previously recognized three instances of Plaintiff's speech which were a matter
9  of public concern and which required an additional allegation that the speech was made as a
10 private citizen and not pursuant to Plaintiff's official duties. *See* Dkt. No. 5 at 9-10; *Eng*, 552 F.3d
11 at 1071. The first was Plaintiff's allegation that after inquiring with Cal EMA regarding the
12 legality of a proposed action to remedy a timekeeping mistake at Defendant Mulligan's request,
13 she informed Defendants Peterson and Mulligan that Cal EMA indicated such action was illegal
14 and she would not participate in it. *See* FAC ¶¶ 11-12. While Plaintiff does not dispute that her
15 report to Defendants Peterson and Mulligan that the proposed remedy was illegal was speech
16 made pursuant to her official duties, Plaintiff alleges that her additional comment that she would
17 *not participate* in such illegal actions was made as a private citizen. *See* FAC ¶ 32; Opp. at 4-5.
18 Apart from the fact that Plaintiff's allegations must be assumed true, *see Eng*, 552 F.3d at 1071,
19 common sense dictates that Plaintiff's remark that she would not participate in illegal activity was
20 not within Plaintiff's job duties − employees are generally not paid to inform a superior that they
21 will not participate in illegal conduct proposed by that superior.

22     The second and third instances of speech were Plaintiff's alleged report to Cal EMA that
23 Defendant Mulligan attempted to write a $900 check for an unauthorized purposed, and Plaintiff's
24 alleged report to the California Victim's Compensation Board regarding improper money transfers
25 from the Emergency Revolving Fund. *See* FAC ¶¶ 18-19, 26-27. In addition to alleging that
26 Plaintiff "was at no time, under an employment duty to report wrongdoing to any agency from
27 which the grant or contract funding which she assisted in spending," FAC ¶ 32, Plaintiff also
28 alleges that she "had no official duty to report or certify compliance with grant or contract

4

1  expenditure guidelines, nor was she asked to perform such reporting, to any granting agency[.]" *id.*
2  ¶ 9. Such plausible allegations that Plaintiff's reports to Cal-EMA and the California Victim's
3  Compensation Board were not within her job duties, but rather speech made as a private citizen,
4  are sufficient to satisfy this element of Plaintiff's First Amendment retaliation claim in order to
5  survive Defendant's Motion to Dismiss. *Posey*, 546 F.3d at 1129 (finding a material issue of fact
6  regarding whether the plaintiff's report of another employee's misconduct was within his job
7  duties, precluding summary judgment).

### B. Allegations re Whether Defendants were Aware of the Protected Speech

In order to state a claim both for First Amendment retaliation under 42 U.S.C. § 1983 and under California Labor Code § 1102.5, Plaintiff must allege that Defendants were at least aware of the allegedly protected speech. *See Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 924 (9th Cir. 2004); *Morgan v. Regents of Univ. of California*, 88 Cal.App.4th 52, 69-70 (2001) ("Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity.") (internal quotations omitted). Defendants argue that Plaintiff's First Amended Complaint still fails to sufficiently allege facts to demonstrate that Defendants were aware (1) that Plaintiff allegedly reported Defendant Mulligan's attempt to write a $900 check to Cal EMA, or (2) that Plaintiff allegedly reported suspected misappropriation of funds to the California Victim's Compensation Board.

First, with regard to Plaintiff's report regarding Defendant Mulligan's attempt to write a $900 check to Cal EMA, Plaintiff alleges that she "is informed and believes that Defendants are aware of Plaintiff's having reported such incident." FAC ¶ 19. Defendants argue that this allegation is conclusory and void of facts demonstrating how Defendants are aware that Plaintiff reported this incident. The Court disagrees. Plaintiff's allegation is sufficient. If Defendants were not aware of this report, they may indicate such in sworn affidavits at summary judgment.

However, with regard to Plaintiff's report to the California Victim's Compensation Board regarding the suspected misappropriation of funds from the Emergency Revolving Fund, Plaintiff makes no allegation that Defendants were aware of this separate report. In her Opposition to Defendant's Motion to Dismiss, Plaintiff contends that she "is able to allege that such an

5

1  investigation [by the California Victim's Compensation Board] would require notification to
2  Defendants[.]" Opp. at 7. Plaintiff does not contend, however, that such an investigation would
3  require notification to Defendants *that Plaintiff triggered the investigation*. Nor does Plaintiff
4  explain why such an allegation was not already made in the First Amended Complaint. Having
5  previously given Plaintiff clear instructions that an allegation of Defendants' awareness was
6  necessary for this instance of speech to support her retaliations claims under § 1983 and § 1102.5,
7  Plaintiff will not be given another opportunity to amend this point. Thus, to the extent Plaintiff's §
8  1983 and § 1102.5 claims arise out of such "speech," they are dismissed without leave to amend.

### C. Allegations re Temporal Proximity in Support of Plaintiff's First Amendment Retaliation Claim

For the First Amendment retaliation claim, in addition to alleging Defendants' awareness of Plaintiff's protected speech, Plaintiff must also plead one of the following to sufficiently allege that Defendants were substantially motivated by Plaintiff's speech to undertake the adverse actions: (i) proximity in time between her expressive conduct and the allegedly retaliatory actions; (ii) that the defendants expressed opposition to her protected speech; and (iii) that defendants' proffered explanations for their adverse actions were false and pretextual. *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003). The Court finds that Plaintiff satisfies this element through her allegations of the timing between the speech and adverse actions.

Having failed to allege that Defendants were aware of Plaintiff's report to the California Victim's Compensation Board, only two remaining instances of speech provide the basis for Plaintiff's First Amendment retaliation claim. The first is Plaintiff's remark to Defendants Mulligan and Peterson that she would not participate in the illegal proposed course of action to remedy the timekeeping mistake. The second is Plaintiff's report to Cal EMA that Defendant Mulligan attempted to write a $900 check for unauthorized purposes.

Plaintiff's allegations sufficiently establish that the adverse employment actions identified in the Court's previous Order were taken in close proximity to these two instances of protected speech. *Coszalter*, 320 F.3d at 977 ("three to eight months is easily within a time range that can support an inference of retaliation"). The first instance of speech occurred sometime before June

7, 2011, and a few months thereafter, Plaintiff began experiencing the first adverse employment actions. *See* FAC ¶¶ 16-17, 21. The second instance of speech occurred in September of 2011, and further adverse employment actions took place shortly after that time as well. *See* FAC ¶¶ 21-25. Accordingly, Plaintiff's First Amended Complaint sufficiently alleges that Defendants were substantially motivated to undertake the adverse employment actions because of Plaintiff's protected speech.

\* \* \*

As a final matter, the Court addresses Plaintiff's request, in her Opposition to Defendants' Motion, for leave to amend to add further allegations of protected speech and adverse employment actions. *See* Opp. at 7-8. Plaintiff contends she can allege additional instances of speech that "were not originally included in her Complaint because she was not fully aware that further adverse employment actions were being taken against her in retaliation for the submission of some or all of such instances of protected speech." Opp. at 8. The Court rejects Plaintiff's request for leave to amend embedded in her Opposition to Defendant's Motion to Dismiss. If Plaintiff seeks to add allegations of different conduct supporting her claims, Plaintiff may file a separate motion to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: May 20, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge